MONIQUE C. WINKLER (Cal. Bar No. 213031)
MARC D. KATZ (Cal. Bar No. 189534) (katzma@sec.gov)
DAVID ZHOU (NY Bar No. 4926523) (zhoud@sec.gov)
ERIN E. WILK (Cal. Bar No. 310214) (wilke@sec.gov)

**Attorneys for Plaintiff**
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, CA 94104
Telephone: (415) 705-2500
Facsimile:  (415) 705-2501


JOHN HEMANN (Cal. Bar No. 165823) (jhemann@cooley.com)
MAX A. BERNSTEIN (Cal. Bar No. 305722) (mbernstein@cooley.com)
ELEANOR W. BARCZAK (Cal. Bar No. 329180) (ebarczak@cooley.com)

**Attorneys for Defendant**
COOLEY LLP
3 Embarcadero Center, 20th Floor
San Francisco, California 94111-4004
Telephone:  +1 415 693 2000
Facsimile:   +1 415 693 2222

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MANISH LACHWANI,<br><br>Defendant. | Case No. 3:21-cv-06554 CRB<br><br>**JOINT STIPULATION AND [PROPOSED] ORDER PROVIDING FOR SPECIFIC DISCOVERY IN ADVANCE OF CRIMINAL TRIAL** |

Pursuant to Civil Local Rule 6-2(a), the parties hereby submit a joint stipulated request for an order modifying/clarifying the current case schedule by (1) authorizing Defendant Manish Lachwani to take the seven depositions he noticed in November and December 2022, so long as those depositions are completed by March 15, 2023; (2) authorizing Defendant Lachwani to take

up to three additional depositions (for a total of 10 depositions), so long as the defendant provides the SEC with at least three weeks of advanced notice and so long as those depositions are completed by March 15, 2023; (3) permitting the parties to issue third-party document subpoenas pursuant to Fed. R. Civ. P. 45 until three months after a verdict in the trial of the related criminal case *United States v. Lachwani*, No. 3:21-cr-353 (CRB) (referred to herein as the "Criminal Trial"), or a case dispositive order issued by the Court, whichever is earlier; and (4) prohibiting the parties from conducting any other written discovery (Requests for Production, Requests for Admission, or Interrogatories [Fed. R. Civ. P. 33, 34 36]) until the conclusion of the Criminal Trial or a case dispositive order issued by the Court, whichever is earlier.

1. On August 25, 2021, Plaintiff Securities and Exchange Commission filed its complaint against Defendant Manish Lachwani. (Dkt No. 1.)

2. On September 22, 2021, the Court issued a Stipulation and Order commencing non-party fact discovery. (Dkt. No. 18.)

3. On December 3, 2021, Defendant filed his answer. (Dkt. No. 22.)

4. On January 6, 2022, the Court issued a case management scheduling Order that, among other things, set the fact discovery cutoff as December 9, 2022. (Dkt. No. 27 at 5.)

5. On October 28, 2022, the parties submitted a joint stipulation Providing for Additional Fact Discovery Period After Criminal Trial and Adjourning Other Deadlines. (Dkt. No. 30.)

6. On October 31, 2022, pursuant to stipulation, the Court Ordered an additional fact discovery period after the Criminal Trial and adjourned other deadlines. (Dkt. No. 31.)

7. In November and December 2022, Defendant noticed a total of seven depositions.

8. The parties interpreted the Stipulation and Order (Dkt. No. 31) differently and have met and conferred to resolve those differences. The parties now jointly request that the Court clarify the scheduling Order in this case to allow for these seven depositions, plus up to three additional depositions, and third-party document subpoenas under Fed. R. Civ. P. 45, between now and the end of the criminal trial.

9. The parties agree the proposals are appropriate and consistent with the Federal Rules given the factual and legal issues involved in this matter.

NOW THEREFORE, the parties respectfully request that the Court clarify/modify the case schedule as follows:

(A) Defendant Lachwani may take the seven depositions he noticed in November and December 2022, so long as those depositions are completed by March 15, 2023.

(B) Defendant Lachwani may take up to three additional depositions, so long as Defendant provides the SEC with at least three weeks of advanced notice and so long as those depositions are completed by March 15, 2023.

(C) The parties may continue to issue third-party document subpoenas pursuant to Fed. R. Civ. P. 45 until three months after of the jury's issuance of a verdict in the Criminal Trial or a case dispositive order issued by the Court, whichever is earlier.

(D) The parties may not conduct any other written discovery (Requests for Production, Requests for Admission, or Interrogatories [Fed. R. Civ. P. 33, 34 36]) until the conclusion of the Criminal Trial. Following the conclusion of the Criminal Trial, the parties may conduct additional discovery during a three-month period as specified in the Court's October 31, 2022 Order (Dkt. 31).

Dated: December 14, 2022          Respectfully submitted,

                                  /s/ David Zhou
                                  Marc D. Katz
                                  David Zhou
                                  Erin E. Wilk
                                  Attorneys for Plaintiff
                                  SECURITIES AND EXCHANGE COMMISSION


Dated: December 14, 2022          By:   /s/ John H. Hemann
                                  John H. Hemann
                                  Attorney for Defendant
                                  COOLEY LLP

**PURSUANT TO STIPULATION, IT IS SO ORDERED.**

Date: _____      _____
                                  The Honorable Charles R. Breyer
                                  United States District Judge