JASON H. LEE (Cal. Bar No. 253140)
ERIN E. WILK (Cal. Bar No. 310214)
wilke@sec.gov
**SECURITIES AND EXCHANGE COMMISSION**
44 Montgomery Street, Suite 700
San Francisco, CA 94104
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>MANISH LACHWANI,<br><br>Defendant. | Case No. 21-cv-06554-CRB<br><br>**PLAINTIFF SEC'S NOTICE OF MOTION AND UNOPPOSED MOTION FOR ENTRY OF FINAL JUDGMENT AS TO MANISH LACHWANI**<br><br>Hearing Date: None requested. |

## NOTICE OF MOTION

Plaintiff U.S. Securities and Exchange Commission ("SEC" or "Commission") moves for entry, by consent, of the proposed Final Judgment of Defendant Manish Lachwani ("Lachwani"). *See* **Exhibit 1** (Lachwani Consent), **Exhibit 2** (Lachwani Judgment). The Court should enter the proposed Final Judgment at **Exhibit 2** because its terms are fair, reasonable, and serve the public interest. The SEC's unopposed motion is based on this notice and the following memorandum of points and authorities. The parties do not request a hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. Introduction

The SEC respectfully requests that the Court enter the proposed Final Judgment ("Final Judgment") in accordance with the consent of Defendant. As discussed below, the Final Judgment is fair, adequate, and reasonable, it serves the public interest, and its entry will fully resolve the SEC's claims.

### II. Relevant Background

On August 25, 2021, the SEC filed its Complaint alleging Defendant violated the federal securities laws. The parties have now reached a settlement as reflected in **Exhibit 1**. The Final Judgment (**Exhibit 2**) enjoins Defendant (1) from violating Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act") and Rule 10b-5 thereunder (Ex. 2 at § I); (2) from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act") (*id.* at § II); and (3) from participating in the issuance, purchase, offer, or sale of any security other than for purchasing or selling securities for his own personal accounts (*id.* at §IV). The Final Judgment also prohibits Defendant from acting as an officer or director of specified issuers (*id.* at § III).

### III. The Court Should Approve the Fair, Adequate, and Reasonable Settlement Terms

Approval of a settlement in an SEC enforcement action is appropriate where it is "at least fundamentally fair, adequate and reasonable." *United States v. Oregon*, 913 F.2d 576, 580 (9th Cir. 1990); *see also SEC v. Randolph*, 736 F.2d 525, 529 (9th Cir. 1984) ("Unless a consent decree is unfair, inadequate, or unreasonable, it ought to be approved."). While courts require that a consent

decree be in the public interest, it need not "be 'in the public's *best* interest' if it is otherwise reasonable." *Oregon*, 913 F.2d at 581 (quoting *Randolph*, 736 F.2d at 529) (emphasis in original). Additionally, the public policy favoring settlement is "strengthened when a government agency charged with protecting the public interest 'has pulled the laboring oar in constructing the proposed settlement.'" *United States v. Montrose Chem. Corp. of Cal.*, 50 F.3d 741, 746 (9th Cir. 1995) (quoting *United States v. Cannons Eng'g Corp.*, 899 F.2d 79, 84 (1st Cir. 1990)). "To determine that a consent decree meets the 'fair, adequate and reasonable' standard, courts consider first the procedural fairness, and then the substantive fairness." *SEC v. Rothenberg*, No. 18-CV-05080-JST, 2018 WL 11436313, at *2 (N.D. Cal. Oct. 16, 2018) (quoting *United States v. Coeur d'Alenes Co.*, 767 F.3d 873, 877 (9th Cir. 2014)).

Here, the Final Judgment is procedurally fair. Indeed, as the product of good-faith and arm's-length negotiations between the SEC and Defendant, the Final Judgment is "presumptively valid." *Rothenberg*, No. 18-CV-05080-JST, 2018 WL 11436313, at *2; *see also In re Volkswagen "Clean Diesel" Mktg., Sales Pracs., & Prods. Liab. Litig.*, No. 19-CV-01391-CRB, 2024 WL 2112900, at *2 (N.D. Cal. Apr. 3, 2024) (finding that "there is no procedural unfairness" where sophisticated parties represented by counsel reached a good-faith compromise of contested claims); *United States v. Kohler Co.*, No. 20-CV-00683-PJH, 2020 WL 8910845, at *2 (N.D. Cal. Apr. 6, 2020) ("Courts evaluate procedural fairness by 'look[ing] to the negotiation process and attempt[ing] to gauge its candor, openness, and bargaining balance.'" (quoting *Cannons*, 899 F.2d at 86)).

The Final Judgment is also "substantively fair." In assessing substantive fairness, courts consider factors including "(1) the basic legality of the decree . . . ; (2) whether the terms of the decree, including its enforcement mechanism, are clear . . . ; (3) whether the consent decree reflects a resolution of the actual claims in the complaint; and (4) whether the consent decree is tainted by improper collusion or corruption of some kind." *In re Volkswagen*, 2024 WL 2112900, at *2 (quoting *SEC v. Citigroup Glob. Markets, Inc.*, 752 F.3d 285, 294-95 (2d Cir. 2014)). "[I]t is not the duty of the court to determine whether 'the settlement is one which the court itself might have fashioned, or

considers ideal.'" *United States v. Chevron U.S.A., Inc.*, 380 F. Supp. 2d 1104, 1111 (N.D. Cal. 2005) (quoting *Cannons*, 899 F.2d at 84).

Here, the "basic legality" of the Final Judgment is not in dispute, as the SEC is statutorily authorized to seek, and the Court to grant, the relief set forth therein. *See* 15 U.S.C. § 77t(b) (Securities Act provision stating that "upon a proper showing" that a person is engaged or is about to engage in specified violations, "a permanent or temporary injunction or restraining order shall be granted"); *id.* § 78u(d)(1) (same, as to the Exchange Act); *id.* § 78u(d)(5) ("In any action or proceeding brought . . . by the Commission[,] . . . any Federal court may grant[] any equitable relief that may be appropriate or necessary for the benefit of investors."); *id.* § 78u(d)(2) ("[T]he court may prohibit . . . any person who violated section 78j(b) of this title or the rules or regulations thereunder from acting as an officer or director" of specified issuers.); *id.* § 77t(e) ("[T]he court may prohibit . . . any person who violated section 77q(a)(1) of this title from acting as an officer or director" of specified issuers.); *id.* § 78u(d)(3) (Exchange Act provision stating that, "[w]henever it shall appear to the Commission that any person has violated" specified provisions, "the Commission may bring an action . . . to seek, and the court shall have jurisdiction to . . . impose, upon a proper showing, a civil penalty . . . ."); *id.* § 77t(d)(1) (same, as to the Securities Act).

Further, the terms of the Final Judgment, including its enforcement mechanism, are "clear," they resolve "the actual claims in the complaint," and they involve no "improper collusion or corruption." *In re Volkswagen*, 2024 WL 2112900, at *2. Specifically, the Final Judgment includes permanent injunctions against violating the same securities laws asserted in the Complaint: Section 10(b) of the Exchange Act and Rule 10b-5 thereunder and Section 17(a) of the Securities Act. Ex. 2 at §§ I, II; *see also* Dkt. 1 (Complaint) ¶¶ 42-47. Regarding enforcement, the Final Judgment specifies that "this Court shall retain jurisdiction . . . for the purposes of enforcing the terms of this Final Judgment" (Ex. 2 at § VII). Finally, the circumstances of the resolution in no way reflect "improper collusion or corruption." *In re Volkswagen*, 2024 WL 2112900, at *2.

//

//

//

//

## IV. Conclusion

For the foregoing reasons, the SEC respectfully requests that this Court grant this unopposed motion and enter the proposed Final Judgment filed herewith as **Exhibit 2**.

Dated: September 24, 2026

Respectfully submitted,

*/s/ Erin E. Wilk*
Erin E. Wilk
*Attorney for Plaintiff*
**SECURITIES AND EXCHANGE COMMISSION**